**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 1 4 2007
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| ENERGY TRANSFER FUEL, L.P., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WEST FORK PARTNERS, L.P., | § | 4:07-CV-250-A |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES ARMY | § | |
| CORPS OF ENGINEERS, | § | |
| Third Party Defendant. | § | |

### FIRST AMENDED ANSWER
### OF THIRD-PARTY DEFENDANT

The United States Army Corps of Engineers ("the Corps"), Third-Party Defendant, hereby files this First Amended Answer of Third-Party Defendant, to the "Third-Party Action" filed by Defendant West Fork Partners, L.P. ("West Fork"), and respectfully shows the Court the following:

1.   As to Paragraph 1 of West Fork's "Amended Answer and Third-Party Action", the Corps admits that West Fork and Energy Transfer Fuel, L.P. (ETF) are parties to this action. the Corps is without sufficient information to admit or deny whether they are "before the Court for all purposes", and therefore denies that allegation.

2.   As to the first sentence of Paragraph 2 of West Fork's Amended Answer and Third-Party Action, the Corps denies that it is an agency of the Department of Defense. The Corps is an agency of the Department of the Army, which is a department

**Third Party Defendant's First Amended Answer – Page 1**

within the Department of Defense.

As to the second sentence of Paragraph 2, the Corps denies that West Fork has correctly stated how a federal agency may be served.

As to the allegations of the third sentence of Paragraph 2, the Corps admits it is a federal agency with expertise, but denies the remainder of the allegations in that sentence.

3.   The allegation contained in Paragraph 3 of West Fork's Amended Answer and Third-Party Action are related to the discovery plan required by state court procedure, and is irrelevant in federal court.

4.   As to Paragraphs 4-7 of West Fork's Amended Answer and Third-Party Action, these paragraphs constitute West Fork's amended answer to ETF's allegations, to which the Corps does not need to respond.

5.   West Fork's "Third-Party Action" begins at Paragraph 8 of its pleading. As to the first sentence of Paragraph 8, the Corps admits that West Fork does appear to be seeking a declaratory judgment, but the Corps denies that West Fork is entitled to any such declaration.

As to the second sentence of Paragraph 8, the Corps admits that it is a federal agency with expertise and denies the remainder of the allegations contained in that second sentence.

As to the third sentence of Paragraph 8, the Corps admits that no one contacted it for permission to do anything prior to taking any action, but denies the remainder of the allegations contained in that sentence.

6.   The Corps denies the allegations contained in Paragraph 9 of the Third-

Party Action.

7. As to the allegations in Paragraph 10 of the Third-Party Action, the Corps denies that West Fork is entitled to the declaratory relief it seeks.

8. As to the paragraph labeled "Prayer", the Corps denies that it is a necessary or indispensable party and denies that West Fork is entitled to the relief that it seeks against the Corps.

## AFFIRMATIVE DEFENSES

1. West Fork is not entitled to a declaratory judgment against the Corps, as sovereign immunity precludes a lawsuit against the Corps for such relief. Because the Corps is immune from a declaratory judgment action, it must be dismissed from this case.

2. West Fork is not entitled to a declaratory judgment against the Corps because there is no justiciable controversy between the Corps and West Fork.

3. West Fork has failed to state a basis for federal court jurisdiction. The declaratory judgment statute is a remedy only and does not supply a jurisdictional basis for suit against the Corps.

4. West Fork is not entitled to a declaratory judgment against the Corps because the declaration West Fork seeks is in the nature of an impermissible advisory opinion.

5. The Corps should be dismissed from this case because it is not an indispensable party to the condemnation action brought by ETF against West Fork.

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant United States Army Corps of Engineers requests that this "Third-Party Action" against it be dismissed

**Third Party Defendant's First Amended Answer – Page 3**

and that the United States Army Corps of Engineers be awarded its costs and such other and further relief as the Court may deem just and appropriate.

DATED this 13th day of June, 2007.

>Respectfully submitted
>
>RICHARD B. ROPER
>UNITED STATES ATTORNEY
>
>*/s/ Janie L. Frank*
>Janie L. Frank
>Assistant United States Attorney
>State Bar No. 07363050
>Burnett Plaza, Suite 1700
>801 Cherry Street, Unit #4
>Fort Worth, Texas 76102-6882
>Telephone:  817.252.5200
>Facsimile:   817.978.6351
>
>ATTORNEY FOR THIRD PARTY
>DEFENDANT UNITED STATES ARMY
>CORPS OF ENGINEERS

## CERTIFICATE OF SERVICE

I certify that on the 13th day of June 2007, a copy of the foregoing Third-Party Defendant's First Amended Answer was served on the following attorneys of record via certified mail, return receipt requested, and by e-mail:

Jennifer L. Keefe
Patton Boggs, LLP
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201
Attorney for Defendant West Fork Partners, LLP

S.J. Johndroe, III
Cantey & Hanger
801 Cherry Street, Suite 2200
Fort Worth, Texas 76102
Attorney for Plaintiff Energy Transfer Fuel, LP

_____
Janie L. Frank
Assistant United States Attorney